UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:15-CR-81 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| DEMETRIUS JOINER ) | |

## **MEMORANDUM**

Before the Court is Defendant Demetrius Joiner's motion for judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure. (Doc. 45.) Defendant argues there was insufficient evidence to corroborate his confession to having possessed a firearm. The Court finds no merit in Defendant's argument and will **DENY** his motion for judgment of acquittal.

**I.     BACKGROUND**

Defendant was indicted on one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) After pleading not guilty, Defendant was tried before a jury on March 7 and 8, 2016.[1] The parties stipulated that Defendant already had a felony conviction at the relevant time and that the firearm in question traveled in interstate commerce, leaving whether Defendant possessed the firearm as the only element in dispute.

The Government called two police officers as witnesses. They each testified to their investigation of a May 29, 2015 car burglary in which a victim's wallet, credit cards, and handgun were stolen from his car in a YMCA parking lot. Although no video of the robbery

---

[1] An earlier trial commencing on January 19, 2016 resulted in a mistrial. (Docs. 26, 27.)

itself was available because of a malfunctioning security camera at the YMCA, the Government introduced surveillance video of Defendant using credit cards to buy a television, an Xbox, and Xbox games from Walmart within a short time of the robbery. The Government also introduced copies of the receipts from those purchases, reflecting the use of the victim's credit cards to make the purchases.

The officers testified that they located and questioned Defendant.[2] After being told about the surveillance video, Defendant admitted using the stolen credit cards at Walmart. Defendant told the officers he had sold the television but the Xbox and games were at his house. After placing Defendant under arrest, the officers located the victim's wallet on Defendant. The officers later found the Xbox and games at Defendant's house, as Defendant had said.

Before being transported to the police station, Defendant told the officers a person named Kam had the stolen gun in his possession, and Defendant offered to help get the gun from Kam. Defendant told one of the officers what to text Kam from Defendant's phone in an attempt to get the gun, while the other officer drove Defendant to the police station. The Government introduced video from the police cruiser showing Defendant telling the officer what to text to Kam. The Government introduced a transcript of the text messages between Defendant's phone and Kam, including those sent from the police cruiser and additional messages over the course of the next few hours. The officers did not succeed in recovering the gun.

The officers further testified that when they questioned Defendant at the police station, Defendant admitted not only that he had used the stolen credit cards at Walmart, but also that he

---

[2] Defendant was informed of and waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), each time he was questioned.

had broken into the victim's car; stolen the wallet, credit cards, and gun from the victim's car; and given the gun to Kam to hold for him.

Defendant, who testified in his own defense at trial, admitted on the stand that he had used the stolen credit cards at Walmart. He denied, however, that he had broken into the car, taken or possessed the gun, or ever admitted to having done so. Defendant testified that Kam had asked Defendant to drive that day and offered to share the proceeds of a vehicle burglary with him; that Kam had broken into the victim's car at the YMCA while Defendant waited some distance away, where he could not see what was taken; that Kam had given Defendant the credit cards to use at Walmart because Kam was on Walmart's "no trespass list"; that Defendant and Kam were going to split the proceeds of selling the items purchased from Walmart; and that the only thing Defendant knew about a gun was that Kam had said, as he got out of Defendant's vehicle, that he had a gun for sale.

At the conclusion of Defendant's trial, the Court dismissed the portion of the Indictment regarding possession of ammunition, and the jury returned a verdict of guilty as to the charge of possession of a firearm. Defendant filed a timely Rule 29(c) motion on March 22, 2016. (Doc. 45.) The Government responded on April 4, 2016. (Doc. 46.)

## II.  STANDARD OF REVIEW

A defendant may move for a judgment of acquittal within fourteen days of a guilty verdict or the jury's discharge. Fed. R. Crim. P. 29(c)(1). Such a motion must be granted if "the evidence is insufficient to sustain a conviction." *Id.* at (a). In reviewing a challenge to the sufficiency of the evidence, a court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In making its determination, the court does not make an independent judgment on the credibility of witnesses or the weight of the evidence. *United States v. Walls*, 293 F.3d 959, 967 (6th Cir. 2002). "Even circumstantial evidence may sustain a conviction so long as the totality of the evidence was substantial enough to establish guilt beyond a reasonable doubt." *Id.* A defendant challenging the sufficiency of the evidence to support a guilty verdict "bears a very heavy burden." *United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015) (quoting *United States v. Jackson*, 473 F.3d 660, 669 (6th Cir. 2007)).

## III. DISCUSSION

A defendant's confession, standing alone, is not sufficient to support a criminal conviction.[3] *Smith v. United States*, 348 U.S. 147, 153–54 (1954); *see also United States v. Ramirez*, 635 F.3d 249, 256 (6th Cir. 2011). Rather, a confession must be corroborated by "substantial evidence apart from the defendant's admissions." *Ramirez*, 635 F.3d at 256 (citing *Smith*, 348 U.S. at 157). The required corroboration does not have to establish every element of the offense or prove the offense beyond a reasonable doubt. *Id.* (quoting *United States v. Davis*, 459 F.2d 167, 170 (6th Cir. 1972)). Rather, "[a] confession is adequately corroborated where '[e]xtrinsic proof . . . fortifies the truth of the confession, without independently establishing the

---

[3] The purpose of requiring corroboration for confessions "is to avoid errors in convictions based on untrue confessions and to promote sound law enforcement by requiring police investigations to extend their efforts beyond the words of the accused." *Ramirez*, 635 F.3d at 256 (citing *Wong Sun v. United States*, 371 U.S. 471, 489 (1963) and *Smith*, 348 U.S. at 153). The doctrine originated when supposed murder victims turned up alive and well following the confession-based convictions of their alleged murderers. *United States v. Brown*, 617 F.3d 857, 860 (6th Cir. 2010). While the Sixth Circuit Court of Appeals has questioned the continuing usefulness of the doctrine in light of modern protections and limits on interrogation techniques, the corroboration doctrine nevertheless remains good law. *Id.* at 860–62 (describing origin, development, and criticisms of corroboration doctrine).

4

crime charged.'" *Id.* (second alteration in original) (quoting *United States v. Ybarra*, 70 F.3d 362, 365 (5th Cir. 1995)). "So long as portions of the defendant's statement are corroborated by 'substantial independent evidence' that 'tend[s] to establish the trustworthiness of the statement,' then the elements of the crime may be established by the defendant's statements." *Id.* at 257 (alteration in original) (quoting *Opper v. United States*, 348 U.S. 84, 93 (1954)).

Two broad categories of crimes require different levels of corroborating evidence. When a crime involves physical injury to a person or damage to property, independent evidence is required to corroborate only that the crime itself occurred, not to corroborate the defendant's connection to the crime. *United States v. Brown*, 617 F.3d 857, 862 (6th Cir. 2010) (quoting *Wong Sun v. United States*, 371 U.S. 471, 489–90 n.15 (1963)). For example, if a defendant confesses to committing a bank robbery, independent evidence that the bank robbery occurred satisfies the corroboration requirement. *Id.* (citing *United States v. Daniels*, 528 F.2d 705, 707–08 (6th Cir. 1976)). For a crime with no tangible injury (or *corpus delicti*), however—one where it can only be shown a crime occurred by identifying the accused—"the corroborative evidence must implicate the accused." *Id.* (quoting *Smith*, 358 U.S. at 154 and *Wong Sun*, 371 U.S. at 489–90 n.5.) Thus, a gun seller's statement that he sold a gun to a defendant is sufficient evidence to corroborate the defendant's confession to being a felon in possession of a firearm. *Id.* at 862–63 (citing *United States v. Shunk*, 881 F.2d 917, 920–21 (10th Cir. 1989)). For both categories of crimes, corroboration is sufficient if the independent evidence "bolster[s] the confession itself and thereby prove[s] the offense 'through' the statements of the accused." *Id.* at 863 (quoting *Smith*, 348 U.S. at 156).

Turning to the offense of conviction in the present case, being a felon in possession of a firearm consists of the following elements: "(1) the defendant had a previous felony conviction;

5

(2) the defendant possessed a firearm; and (3) the firearm traveled in or affected interstate commerce." *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007). The parties stipulated to Defendant's previous felony conviction and that the firearm in question traveled in interstate commerce, leaving the second element—Defendant's possession of a firearm—as the only element in dispute.

Defendant argues that the crime of being a felon in possession of a firearm does not involve a *corpus delicti*, or tangible physical injury, and therefore requires corroborating evidence that implicates Defendant. (Doc. 45 at 6.) Defendant points out that there were no witnesses to or surveillance footage of the car burglary itself, and there is no forensic evidence linking Defendant to the burglary or the firearm.

The Government argues in response that corroborating evidence tying Defendant to the crime is not necessary here "because the car burglary involved 'physical damage to . . . property.'" (Doc. 46 at 5–6 (quoting *Brown*, 617 F.3d at 862).) Whether proof of Defendant's identity is required or not, the Government argues further, there is substantial corroborating evidence here to establish the trustworthiness of Defendant's statement as a whole, including the evidence of the car burglary, the video and receipts showing Defendant's use of the stolen credit cards at Walmart, Defendant's possession of the stolen wallet, the location of the Xbox and games at Defendant's house, the texts with Kam, and the video from the police cruiser.

Defendant's argument that there is insufficient corroboration of Defendant's confession is foreclosed by *Brown*. In *Brown*, the defendant initially confessed to having entered the victim's house, stolen a handgun and a necklace, and traded the handgun for methamphetamine. 617 F.3d at 859. After being indicted for possession of a firearm as a felon, the defendant changed his story twice, once saying he had traded a handgun other than the victim's for methamphetamine,

6

and shortly after saying two acquaintances had broken into the victim's house, stolen the handgun and necklace, and given the handgun to the defendant. The defendant testified at his trial, blaming his initial confession on a drug binge, denying either of his later confessions took place, and denying ever having had possession of a firearm as a felon. *Id.* at 859–60. The jury found the defendant guilty, but the trial court granted a Rule 29 acquittal on the grounds that the defendant's uncorroborated confession could not sustain a guilty verdict.

The Court of Appeals for the Sixth Circuit reversed, finding adequate corroboration in the police officer's testimony that the handgun and a necklace had been stolen from the victim's house. *Id.* at 863. Although the defendant argued that this evidence would be sufficient corroboration only if the defendant had been charged with burglary, rather than possession of a firearm, the court held that independent evidence of the burglary "also corroborates [the defendant's statement as a whole, including his admission to possessing a firearm." *Id.*

The same reasoning applies here. Whether the crime is considered to involve physical injury or not—in other words, whether "the crime" is considered to be the possession of the firearm alone or to include acquiring the firearm through burglarizing the victim's vehicle—there is sufficient corroboration to "bolster the confession itself and thereby prove the offense 'through' the statements of the accused." *See Brown*, 617 F.3d at 863 (quoting *Smith*, 348 U.S. at 156). Based on *Brown*, the truthfulness of Defendant's confession as a whole was adequately corroborated by independent evidence that the car burglary took place. In addition, Defendant's confession here had even more corroboration than did the confession in *Brown*: there was video and documentary evidence that Defendant used the stolen credit cards at Walmart; testimony that Defendant was carrying the victim's wallet when he was arrested; testimony that the Xbox and games were at Defendant's house, where Defendant said they were; and documentary evidence

7

of text messages tending to show that another person had the gun and was initially planning to bring it to Defendant.

Defendant relies on two out-of-circuit cases in which a court of appeals found insufficient evidence to corroborate a confession. (Doc. 45 at 3–4 (citing *United States v. Henderson*, 467 F.2d 904 (10th Cir. 1972) and *United States v. Todd*, 657 F.2d 212 (8th Cir. 1981)).) Neither case is persuasive here, however, because in each case the court required the government to provide corroborating evidence for each element of the charged crime. *See Henderson*, 467 F.2d at 905 ("An essential element of the crime, interstate transportation, was established only by defendant's uncorroborated extra-judicial statements, and accordingly we reverse [the conviction]."); *Todd*, 657 F.2d at 216 ("[T]he government must prove by independent evidence . . . the essential elements of the crime of conspiracy . . . ."). That is simply not the law in this Circuit. *See Ramirez*, 635 F.3d at 256 ("Corroborative evidence need not establish each element of the offense.")

The jury was entitled to, and apparently did, reject Defendant's testimony that Kam had committed the car burglary and credit the officers' testimony that Defendant confessed both to committing the car burglary and to giving the gun to Kam. The truthfulness of Defendant's confession as a whole was more than adequately corroborated by independent evidence. That being the case, there is sufficient evidence to support Defendant's conviction.

## IV.     CONCLUSION

The Court finds no basis for entering a judgment of acquittal and will **DENY** Defendant's motion (Doc. 45).

8

Case 1:15-cr-00081-CLC-SKL   Document 47   Filed 05/18/16   Page 8 of 9   PageID #: 904

**An appropriate order will enter.**

                                            **/s/**
                                            **CURTIS L. COLLIER**
                                            **UNITED STATES DISTRICT JUDGE**